## JOHN SMITH *v.* JOHN P. PELL ET AL.

**Trusts—Trustee—Good Faith—Failure of Trust Property to Bring its Value.**

Where a trustee acts in good faith, although it seems that he could have realized out of the trust property the full amount of the debt, he will be charged only with the amount actually received.

APPEAL FROM LEWIS CIRCUIT COURT.

April 11, 1871.

OPINION BY JUDGE LINDSAY:

The evidence shows with a reasonable degree of certainty that the debt of Smith was included in the amount of the notes given by Moore to Halbert to secure the judgment for which the mortgage was executed upon the tract of land in West Virginia. We think it may also be safely assumed that at the time Halbert accepted the trust he was apprised of the fact that Smith was one of the beneficiaries.

Halbert, however, was to receive no compensation for his services as trustee, he certainly acted in good faith and though it seems he might have realized out of the mortgaged land the full amounts of all the debts. Yet considering the unsettled condition of the country at the time of the transaction, it must be conceded that he acted in the matter both prudently and discreetly.

He should therefore only be charged with the amount actually received, and as it may be presumed that he paid out the whole amount received to the other creditors and therefore could not have made interest on the amount due Smith, he ought not to be charged with interest until he was notified that Smith had not

been otherwise paid by Pell, and the amount to which he was entitled demanded. It seems, however, that there is an error in the amount allowed Smith; by the judgment his pro rata of the $1,300, at the time of its collection by Halbert was $181.37, instead of $171.50, as adjudged by the court, and upon this amount we think he is entitled to interest from the 22d of October, 1867, the day upon which Halbert was served with process on the cross petition of Pell.

For the correction of the errors indicated the judgment is reversed. Upon the cross appeal the judgment is affirmed.

*Thomas, Phister, for appellant.*

*Ireland, Throop, for appellees.*